IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE GIELOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANDORA JEWELRY LLC and PANDORA ECOMM, LLC,<br><br>Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Pandora Jewelry LLC and Pandora Ecomm, LLC (collectively "Pandora"), by their undersigned attorneys, file this Notice of Removal to remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division because the case meets all the requirements for federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). This Court has original jurisdiction over this action under CAFA because this is a civil class action involving 100 or more proposed class members, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and minimal diversity of the parties exists. 28 U.S.C. § 1332(d)(2).

### I.     PLAINTIFF'S CLASS ACTION COMPLAINT

1. On November 15, 2022, Plaintiff Diane Gielow, filed a Complaint (the "Complaint") in the Circuit Court of Cook County, Illinois, No. 2022CH11181. A true and correct copy of the Complaint served upon Pandora is attached as **Exhibit A**.

2. The Complaint expressly describes this action as a class action lawsuit and seeks relief on behalf of a putative class of Illinois residents for purported violations of the Illinois Biometric Information Privacy Act ("BIPA), 740 ILCS 14/1 *et seq. See, e.g.*, Ex. A at ¶¶ 1, 53-73.

3. Plaintiff, on behalf herself and the proposed class, seeks statutory damages and other relief in excess of $5 million. She alleges the proposed class is "believed to amount to *tens of thousands* of persons" and seeks statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), among other things. **Ex. A** ¶¶ 49, 62, 73 (emphasis added).

## II. REMOVAL IS TIMELY

4. Both Defendants were served via CT Corporation on November 18, 2022. This Notice of Removal thus is timely filed within the time frame provided by 28 U.S.C. § 1446(b).

## III. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

5. This Court has original jurisdiction under CAFA, 28 U.S.C. §1332(d), and removal is proper. CAFA applies to civil class actions commenced on or after February 18, 2005. *See* Pub. L. No. 109-2 § 9, 119 Stat. 4, 14 (2005).

6. Plaintiff seeks relief on behalf of a proposed class under 735 ILCS 5/2-801 (*see* **Ex. A** ¶¶ 47-52), the state law that authorizes class actions. *See Marshall v. H&R Block Tax Servs., Inc.,* 564 F.3d 826, 829 (7th Cir. 2009).

7. Under CAFA, this Court has federal diversity jurisdiction over any class action in which (1) the proposed class has at least 100 members, (2) the amount in controversy exceeds the sum or value of $5,000,000 exclusive of costs and fees, and (3) any member of the proposed

class is a citizen of a different state than any defendant. 28 U.S.C. §1332(d)(2)(A); *Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (2013).[1]

### A. The Proposed Class Exceeds 100 Members

8. This case satisfies the requirement under 28 U.S.C. § 1332(d)(5)(B) that the class proposed by Plaintiff have at least 100 members. Plaintiff alleges she seeks to represent a class that is "believed to amount to tens of thousands of persons." Ex. A ¶ 49.

### B. The Amount in Controversy Exceeds $5,000,000

9. Although Pandora denies that it has any liability to Plaintiff or the alleged putative class,[2] based on Plaintiff's allegations, the matter in controversy exceeds $5 million when aggregated across all proposed class members. *See* 28 U.S.C. § 1332(d)(6)).

10. While the complaint does not set forth a specific total sum of damages sought against Pandora, it is apparent that the amount in controversy is in excess of $5 million, exclusive of interest and costs. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."(citing 28 U.S.C. § 1446(c)(2)(A))).

11. As noted above, Plaintiff alleges that the class is "believed to amount to tens of thousands of persons." Ex. A ¶ 49. Plaintiff also alleges that "on behalf of themselves and the Class, Plaintiff seeks . . . (3) statutory damages of $5,000 for each intentional and/or reckless

---

[1] Pandora does not concede that a class may be properly certified in this action, or that any of the requirements of Rule 23 have been met or can be proven (including Rule 23(a)'s numerosity requirement). Rather, Pandora offers these numbers based on Plaintiff's allegations and solely to place certain facts before the Court that are relevant to evaluating the CAFA criteria.

[2] By removing this action to this Court, Pandora does not concede that it has any liability, let alone liability of greater than $5,000,000, to Plaintiff or the members of the alleged putative class. *See, e.g., Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

violation of BIPA pursuant to 740 ILCS 14/20(2) . . ." *Id.* ¶¶ 62, 73. The amount in controversy of the aggregate claims of "tens of thousands" of putative class members therefore must exceed $5,000,000, not even considering the value of the many other forms of relief the Complaint seeks.

### C. Minimal Diversity of Citizenship Exists

12. Finally, the third CAFA requirement of minimal diversity also exists. "Minimal diversity" exists if the citizenship of "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A).

13. Both Defendants Pandora Jewelers, LLC and Pandora Ecomm LLC are organized under the laws of Maryland, and are headquartered in Baltimore, Maryland. Accordingly, Defendants are citizens of Maryland for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1). They are not citizens of Illinois.

14. Plaintiff is alleged to reside in Illinois, and upon information and belief, is a citizen of Illinois. *See* Ex. A ¶¶ 13, 19. Moreover, the proposed class consists solely of "Illinois residents." *Id.* ¶ 47.

15. Minimal diversity therefore exists as Plaintiff and the entire putative class are citizens of Illinois, while Defendants are citizens of Maryland.

16. None of the discretionary exceptions to this Court's exercise of jurisdiction enumerated in 28 U.S.C. § 1332(d) apply to this action.

## IV. THIS COURT IS THE PROPER VENUE FOR THE REMOVED ACTION

17. This Court is the proper venue for the removed action. A civil action "may be removed . . . to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). The United States District Court for the Northern District of Illinois, Eastern Division, is the "district and division embracing" Cook County. *See* 28 U.S.C. § 93(a)(1). Therefore, venue properly lies in this Court.

## V. PANDORA HAS COMPLIED WITH ALL PROCEDURAL PREREQUISITES FOR REMOVAL

18. Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction, and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 84 ("A statement 'short and plain' need not contain evidentiary submissions.").

19. Counsel for Pandora certifies that a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, pursuant to 28 U.S.C. § 1446(d).

20. Pandora Jewelry LLC and Pandora Ecomm, LLC are the only defendants named in the complaint, and in any event removal based on CAFA jurisdiction does not require consent of other defendants. 28 U.S.C. § 1453(b); *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

21. Pandora reserves the right to amend or supplement this Notice of Removal. By removing the action to this Court, Pandora does not waive any defenses that are available to it under state or federal law. Pandora expressly reserves all threshold defenses to this action and its right, for example, to move to compel individual arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to move to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Pandora removes the above-captioned action in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, being the district and division of the Court for the County in which this action is pending, and prays that the filing of this Notice of Removal shall effect the removal of this suit to this Court.

Dated: December 16, 2022

        *s/ Brian O'Connor*
Michael W. McTigue Jr. (pro hac vice motion to be filed)
Meredith C. Slawe (pro hac vice motion to be filed)
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, New York 10001-8602
Telephone: 1.212.735.3000
michael.mctigue@skadden.com
meredith.slawe@skadden.com

Brian O'Connor
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel: (312) 407-0700
brian.oconnor@skadden.com

*Attorneys for Pandora Jewelry LLC and Pandora Ecomm, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2022, I served a true and correct copy of the foregoing

NOTICE OF REMOVAL by electronic mail and by United States Mail on:

Carl V. Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
(312) 984-0000
malmstsrom@whafh.com

Benjamin Y. Kaufman
Wolf Haldenstein Adler Freeman & Herz LLC
270 Madison Ave.
New York, NY 10016
(212) 545-4600
kaufman@whafh.com

Don Bivens
Don Bivens PLLC
15169 N. Scottsdale Rd., Suite 205.
Scottsdale, AZ 85254
(602) 708-1450
don@donbivens.com

*Counsel for Plaintiff*

                                              */s/ Brian O'Connor*